# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| FRANK MARTIN, #M52427, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 18−cv–1159−SMY |
| | ) | |
| WARDEN LASHBROOK, | ) | |
| K. BUTLER, | ) | |
| LT. SAMUEL, | ) | |
| C/O JOHNSON, | ) | |
| C/O STINESON, | ) | |
| PAPPAS, and | ) | |
| VASQUEZ, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Frank Martin, an inmate at Menard Correctional Center ("Menard"), brings this action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights. Specifically, Plaintiff claims that the defendants failed to protect him from another inmate and harassed him in violation of the Eighth Amendment. (Doc. 1). This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

1

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the Complaint and any supporting exhibits, the Court finds it appropriate to allow this case to proceed past the threshold stage.

## **The Complaint**

Plaintiff makes the following allegations in his Complaint (Doc. 1): Plaintiff was moved into a cell with inmate Calvin Gaines, who was transferred to Menard after a history of inmate assaults at previous facilities. (Doc. 1, p. 5). Gaines told the sergeant who placed him in the cell that he was on single cell status. *Id.* The sergeant told him to "'do him a favor" and let Plaintiff stay. *Id.* "From that day [Plaintiff] was living under threats of violence." *Id.* Gaines was under psychiatric care for violence and "impossible to cell with despite everything [Plaintiff] tried to do to get along with him." *Id.* Plaintiff asked for help repeatedly from multiple people. *Id.* Plaintiff told Defendant Pappas, and she told Plaintiff that she was familiar with Gaines and his history. *Id.* She recommended that Plaintiff stand up to Gaines. *Id.*

Defendant Vasquez did a gallery tour and told Gaines that he put him in for a transfer. *Id.* He was not transferred, though, and his "his hostility and anger grew exponentially." *Id.*

Plaintiff told "psych doctor 'Val'" about the situation, but he did not provide Plaintiff with any advice. *Id.*

Plaintiff was called to "IA" about an incident on the ward. *Id.* IA Bridges conducted the interview. *Id.* Plaintiff told him about his cell situation and that he needed help. Bridges told Plaintiff that he could move him in about two weeks, and Plaintiff told him that he would try to "hold out that long." *Id.* After that, "[c]onditions rapidly deteriorated. [Plaintiff] couldn't even get down from [his] bunk without a confrontation." *Id.*

Plaintiff sent a letter to Defendant Samuel on May 20, 2016. *Id.* Plaintiff also told Defendant Stineson what was going on and asked him to be moved. *Id.* Stineson told Plaintiff that he had to get into a fight with Gaines and be sent to segregation. *Id.* Plaintiff had two other visits with Pappas where he told her that he needed help with his situation, but she told him that she could not help. *Id.*

On May 25, 2016, Gaines called Plaintiff a snitch. *Id.* Gaines packed up his property and told Plaintiff that he "wasn't going to live." *Id.* Although corrections officers were unlocking cells for showers, Gaines told Plaintiff that he would not be going to the shower. *Id.* Gaines grabbed Plaintiff by the neck, pulled him off the top bunk, and slammed his head into the wall. *Id.* He then hit Plaintiff on the back of the head, rendering him unconscious and "busting [his] head open." *Id.* Plaintiff regained consciousness as they were cuffing Gaines. *Id.* Plaintiff was in pain, dizzy, sick to his stomach, and incoherent. *Id.*

Plaintiff was taken to the infirmary, and on the way, Defendant Johnson verbally abused him. *Id.* While in the infirmary, Plaintiff was subjected to verbal abuse by multiple corrections officers. *Id.* Plaintiff did not receive an X-ray or MRI. *Id.* Dr. Trost told the nurse that it was not necessary, despite the fact that Plaintiff knew he had a concussion. *Id.* Plaintiff told the

3

medical staff that he was dizzy and sick several times. *Id.* Bridges took Plaintiff's statement and took photographs of his injuries. *Id.*

Plaintiff was escorted to segregation the next morning, facing more verbal abuse. *Id.* Plaintiff was forced to strip naked and was left that way in the shower for an hour and a half. *Id.* Because of his concussion, he could not eat and could hardly move for 6 days. *Id.* Plaintiff told the corrections officers about this several times, but they laughed at him. *Id.*

After 19 days, Plaintiff was released from segregation. (Doc. 1, p. 6). Plaintiff filed a grievance on June 23, 2016. *Id.* By October, Plaintiff had not received a response. *Id.* He sent multiple requests to Defendant Vasquez asking for the status of his grievance. *Id.* Plaintiff filed another grievance about the lack of response. *Id.* Vasquez then sent Plaintiff a note informing him that he could not find the grievance. *Id.* He told Plaintiff to resubmit the grievance, but to wait until January because a counselor was taking over. *Id.*

On January 2, 2017, Plaintiff submitted the replacement grievance to Ms. Rodely. *Id.* He wrote to Rodely on January 25, 2017, and she visited the next day. *Id.* He told her about the grievance, and she said she would look for it. *Id.* Plaintiff gave her two weeks and wrote multiple times about it. *Id.* He filed a grievance on May 8, 2017 about the missing grievance. *Id.* Her response was that it was "past time frame." *Id.* Plaintiff sent a copy of the original grievance to the warden. *Id.* Three weeks later, he was transferred to Western, despite his request to be sent to Dixon. *Id.*

On August 31, 2017, Plaintiff filed a grievance with the ARB in Springfield. As of the date he filed this lawsuit, Plaintiff had not received a response from Melissa Phoenix regarding his response to her denial. *Id.*

Plaintiff requests monetary damages and permanent injunctive relief. (Doc. 1, p. 7).

4

**Discussion**

Before analyzing Plaintiff's allegations, the Court finds it appropriate to address Plaintiff's failure to include specific allegations against Defendants Lashbrook and Butler in the body of his Complaint, despite having listed them among the defendants. Plaintiffs are required to associate specific defendants with specific claims, so that defendants are put on notice of the claims brought against them and so they can properly answer the Complaint. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); FED. R. CIV. P. 8(a)(2). Where a plaintiff has not included a defendant in his Statement of Claim, the defendant cannot be said to be adequately put on notice of which claims in the Complaint, if any, are directed against him. Furthermore, merely invoking the name of a potential defendant is not sufficient to state a claim against that individual. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). And in the case of defendants in supervisory positions, the doctrine of *respondeat superior* is not applicable to § 1983 actions. *Sanville v. McCaughtry,* 266 F.3d 724, 740 (7th Cir. 2001) (citations omitted). Accordingly, Lashbrook and Butler will be dismissed from this action without prejudice.

Moving to the allegations of the Complaint, the Court finds it convenient to divide the *pro se* action into 2 Counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion regarding their merit.

> **Count 1 –** Defendants Samuel, Stineson, Pappas, and Vasquez failed to protect Plaintiff from violence at the hands of inmate Gaines, in violation of the Eighth Amendment.
>
> **Count 2 –** On May 25, 2016, Defendant Johnson verbally harassed Plaintiff, in violation of the Eighth Amendment.

As discussed below, Count 1 will proceed past threshold. Any other intended claim that has not been recognized by the Court is considered dismissed without prejudice as inadequately

pled under the *Twombly* pleading standard. Further, to the extent Plaintiff sought to bring claims against individuals not included in the case caption, these individuals will not be treated as defendants in this case, and any claims against them should be considered dismissed without prejudice. *See Myles v. United States*, 416 F.3d 551, 551–52 (7th Cir. 2005) (defendants must be "specif[ied] in the caption"). Individuals mentioned in the Complaint but not included in the case caption or list of defendants include: Dr. Trost, Ms. Rodely, Melissa Phoenix, and IA Bridges.

**Count 1 – Failure to Protect**

In *Farmer v. Brennan*, 511 U.S. 825 (1994), the Supreme Court held that "prison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners." *Id.* at 833 (internal citations omitted). "To adequately plead a failure-to-protect claim, a prisoner must allege that officials were subjectively aware of and disregarded an objectively serious risk of harm to the prisoner." *Cobian v. McLaughlin*, 717 F. App'x 605, 610 (7th Cir. 2017) (citing *Dale v. Poston*, 548 F.3d 563, 569 (7th Cir. 2008)). However, not every harm caused by another inmate translates into constitutional liability for the corrections officers responsible for the inmate's safety. *Farmer*, 511 U.S. at 834.

A plaintiff also must prove that prison officials were aware of a specific, impending, and substantial threat to his safety; often by showing that he complained to prison officials about a *specific* threat to his safety. *Pope v. Shafer*, 86 F.3d 90, 92 (7th Cir. 1996). "A generalized risk of violence is not enough, for prisons are inherently dangerous places." *Wilson v. Ryker*, 451 F. App'x 588, 589 (7th Cir. 2011) (citing *Brown v. Budz*, 398 F.3d 904, 909, 913 (7th Cir. 2005); *Riccardo v. Rausch*, 375 F.3d 521, 525 (7th Cir. 2004). Conduct that amounts to negligence or inadvertence is also not enough to state a claim. *Pinkston*, 440 F.3d at 889 (discussing *Watts v.*

*Laurent*, 774 F.2d 168, 172 (7th Cir. 1985)).

At this stage, Plaintiff's allegations that he repeatedly told Pappas about the danger he was in, that she was aware of Gaines' violent history, and that she refused to help Plaintiff, are sufficient to state a failure to protect claim against Pappas. For similar reasons, Plaintiff's allegations against Stineson also state a claim.

Plaintiff has failed to state a claim against Vasquez and Samuel, however. While he claims he sent Samuel a letter, Plaintiff does not describe the contents of the letter, so it is unclear whether Samuel was made aware of the risk to Plaintiff. Plaintiff also does not allege that Vasquez was aware of the risk to him; only that Vasquez told Gaines that he put him in for a transfer, and that he could not find Plaintiff's grievance after the attack.[1]

For these reasons, Count 1 will proceed against Pappas and Stineson and will be dismissed without prejudice as to Samuel and Vasquez.

### Count 2 – Harassment

Plaintiff claims that Johnson verbally harassed him while he was on the way to the infirmary. Ordinary verbal harassment does not rise to the level of an Eighth Amendment violation. *See DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000) ("Standing alone, simple verbal harassment does not constitute cruel and unusual punishment, deprive a prisoner of a protected liberty interest or deny a prisoner equal protection of the laws"). Because Plaintiff does not provide any information that would elevate Johnson's harassment to the level of cruel and unusual punishment, Count 2 will be dismissed without prejudice.

---

[1] Generally, a prison official's mishandling of grievances states no claim where the official "otherwise did not cause or participate in the underlying conduct." *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011); *Grieveson v. Anderson*, 538 F.3d 763, 772 n.3 (7th Cir. 2008); *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007); *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996). For this reason, Plaintiff has no claim related to the denial or loss of his grievances.

### Pending Motion

Plaintiff's Motion for Recruitment of Counsel (Doc. 3) is **REFERRED** to United States Magistrate Judge Reona J. Daly for a decision.

### Disposition

**IT IS HEREBY ORDERED** that **COUNT 1** shall **PROCEED** against **PAPPAS** and **STINESON** and is **DISMISSED** without prejudice against **SAMUEL** and **VASQUEZ** for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that **COUNT 2** is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that **SAMUEL**, **VASQUEZ**, **JOHNSON**, **LASHBROOK**, and **BUTLER** are **DISMISSED** without prejudice from this action for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that as to **COUNT 1**, the Clerk of Court shall prepare for **PAPPAS** and **STINESON**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to each defendant's place of employment as identified by Plaintiff. If any defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require that defendant pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the defendant's current work address, or, if

not known, the defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Reona J. Daly for further pre-trial proceedings. Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Reona J. Daly for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, whether or not his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  June 21, 2018**

**s/ STACI M. YANDLE**
**U.S. District Judge**